**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KALEB HARRIS, | Case No.: 2:23-cv-01162-APG-MDC |
| Plaintiff | **Order (1) Granting Defendant's Motion for Summary Judgment, (2) Denying Plaintiff's Motion for Summary Judgment (3) Granting Defendant's Motion to Seal, and (4) Denying All Other Motions as Moot** |
| v. | |
| BRIAN WILLIAMS, et al., | |
| Defendants | [ECF Nos. 23, 25, 26, 39, 40, 42, 44, 45] |

Kaleb Harris is an inmate at High Desert State Prison (HDSP). He sued Daniel Garcia and other HDSP staff for claims arising from an alleged attack by another inmate in December 2022. After screening the claims under the Prison Litigation Reform Act (PLRA), Harris' only two claims remaining claims are against Garcia for (1) Eighth Amendment failure to protect, and (2) First Amendment retaliation. Both parties move for summary judgment on both claims. ECF Nos. 23; 25. Garcia moves to seal Harris' medical records. ECF No. 26. Harris moves for me to resolve the summary judgment motions. ECF No. 39. Harris also moves for an order to show cause for a temporary restraining order or preliminary injunction, and he filed an amended version of that motion. ECF Nos. 40; 42. Garcia moves to strike the amended motion or alternatively extend his time to respond to it. ECF Nos. 44; 45.

I grant summary judgment in favor of Garcia because Harris did not exhaust his administrative remedies and there are no genuine issues of material fact as to the retaliation claim. I also seal Harris' medical records. I deny the remaining motions.

/ / / /

/ / / /

## I.       BACKGROUND

Harris alleges that on December 9, 2022, Garcia was working in the bubble tower with access to cell doors and opened Harris' cell to allow another inmate, Anatoly Makarowski, to enter and attack him. ECF No. 23 at 1, 11-13.  Makarowski allegedly said that Garcia "lets him attack whoever he wants." *Id.* at 12.  Harris' cellmate signed a declaration corroborating Harris' version of the attack. *Id.* at 8-10.  According to the cellmate, Makarowski told him that Garcia was letting Makarowski into the cell to stab Harris and that he should stay out of the way if he did not want to be involved. *Id.* at 9.

Two days after the alleged attack, Harris filed a medical kite asserting that a correctional officer allowed another inmate to come into his cell and cut his right eye. ECF No. 27-1 at 22. There are no other medical records concerning his injuries. *See generally* ECF No. 27.  Harris concludes Garcia must have opened his door with deliberate indifference of risks to Harris' safety because Garcia was solely responsible for opening cell doors that day. ECF No. 23 at 2.

Harris alleges that soon after he filed a grievance against Garcia for opening his cell door, other inmates began to call him a snitch and a rat and threatened his life, causing him to be moved to another unit. ECF No. 32 at 4.  Harris concludes that because his grievance was only against Garcia, Garcia must have told other inmates about it in retaliation for Harris filing it. *Id.* at 6.

Garcia confirmed that he was working in the bubble tower around that time, but he does not remember opening Harris' cell door. ECF No. 25-10 at 2-3.  Garcia avers that he was not aware of the grievances and did not know who Harris was until August 7, 2024, when he learned that Harris filed a lawsuit against him. *Id.* at 3.

Harris filed grievance 2006-31-46958[1] alleging Garcia opened the door for another inmate to attack him and grievance 2006-31-47139 alleging Garcia told other inmates about the first grievance in retaliation for Harris filing it. ECF Nos. 25-2 at 2-6; 25-11 at 2-5.  The prison rejected both informal grievances because they did not show that Harris had taken steps to resolve the disputes beforehand, such as filing a kite or having a discussion with the staff, as required by Administrative Regulation (AR) 740. ECF Nos. 25-2 at 7-8; 25-11 at 6-7.  Harris' kite history does not show a kite alleging failure to protect or retaliation.[2] *See generally* ECF No. 25-8.  Harris did not address the reason for the rejection and instead appealed both grievances, which the prison rejected because he did not properly file informal grievances. ECF Nos. 25-2 at 9-15; 25-11 at 8-14.  For 2006-31-46958, Harris filed another first appeal, which the prison rejected for the same reason, and a second appeal, which the prison did not respond to. ECF No. 25-2 at 16-21.  Harris also filed a second appeal for 2006-31-47139, which again, the prison rejected because he did not properly file an informal grievance. ECF No. 25-11 at 15-19.

**II.      I GRANT GARCIA'S MOTION FOR SUMMARY JUDGMENT AND I DENY HARRIS' MOTION FOR SUMMARY JUDGMENT.**

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

---

[1] Both parties sometimes mis-cite this grievance number as 2006-31-46758. *See e.g.*, ECF Nos. 25 at 18; 32 at 2.

[2] Harris did not name Garcia in his medical kite or attach the kite to the grievance to show he had attempted to resolve the dispute. ECF No. 27-1 at 22.

3

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The burden then shifts to the nonmoving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial.").  I view the evidence and reasonable inferences in the light most favorable to the nonmoving party. *Zetwick v. Cnty. of Yolo*, 850 F.3d 436, 440-41 (9th Cir. 2017).  "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (quotation omitted).

**A.  Harris failed to exhaust his administrative remedies.**

Under the PLRA, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Exhaustion of administrative remedies prior to filing a lawsuit is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002).  "Exhaustion should be decided, if feasible, before reaching the merits of a prisoner's claim." *Albino v. Baca*, 747 F.3d 1162, 1170 (9th Cir. 2014) (en banc). If the inmate's failure to exhaust is not clear from the face of the complaint, the proper procedure for raising non-exhaustion is moving for summary judgment under Federal Rule of Civil Procedure 56. *Id.* at 1169.

The PLRA requires "proper exhaustion" of an inmate's claims. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006).  That means the inmate must "use all steps the prison holds out, enabling the

prison to reach the merits of the issue." *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009). "[A] prison's own grievance process, not the PLRA, determines how detailed a grievance must be to satisfy the PLRA exhaustion requirement." *Id.* at 1120 (citing *Jones v. Bock*, 549 U.S. 199, 218 (2007)).

Failure to exhaust is an affirmative defense. *Jones*, 549 U.S. at 216. Therefore, the defendant bears the burden of proving the inmate failed to exhaust an available administrative remedy. *Albino*, 747 F.3d at 1172. If the defendant does so, the burden shifts to the inmate to show "there is something particular in his case that made the existing and generally available administrative remedies effectively unavailable to him by showing that the local remedies were ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile." *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (quotation omitted). The defendant bears the "ultimate burden" of proving a failure to exhaust. *Id.*

The Nevada Department of Correction's (NDOC) grievance process is governed by AR 740. *See generally* ECF No. 25-12. There are three levels to the process: an informal grievance, a first level grievance, and a second level grievance. *Id.* at 11-16. "At the Informal Level, an offender shall file an Informal Grievance (DOC 3091) after failing to resolve the matter by other means, such as discussions with staff or submitting an Offender Request Form (DOC 3012)." *Id.* at 11.

The prison denied Harris' informal grievances because he did not submit evidence that he had first tried to resolve the matter by other means, such as filing a kite that Garcia failed to protect him or retaliated against him. Instead of fixing the informal grievances by filing a kite and refiling with evidence of that kite, Harris filed first and second appeals. Harris argues that

he filed all available appeals and therefore exhausted his administrative remedies.[3]  However, because Harris did not first try to resolve his grievances by other means as required by AR 740, he did not "use all steps the prison holds out, enabling the prison to reach the merits of the issue." *Griffin*, 557 F.3d at 1119.  Therefore, he did not properly exhaust his administrative remedies or show why such remedies were unavailable to him.  Accordingly, I grant Garcia summary judgment and deny Harris summary judgment.

**B.  There are no genuine issues of material fact on the merits of the retaliation claim.**

Even if Harris had properly exhausted his administrative remedies, Garcia is entitled to qualified immunity on the retaliation claim because Harris does not show that Garcia violated a constitutional right. *Carley v. Aranas*, 103 F.4th 653, 659 (9th Cir. 2024) (explaining that qualified immunity analysis asks "whether the official's conduct violated a constitutional right" and "whether that right was clearly established at the time of the violation."  If the answer to either question is no, the official is entitled to qualified immunity) (simplified).

Harris does not show that Garcia knew about the grievance and therefore could have retaliated against him because of that protected action.[4] *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (holding that in the prison context, retaliation requires a state actor to take an adverse action against an inmate because of the prisoner's protected conduct).  Therefore, there

---

[3] Harris asserts that he filed kites in one of his grievance appeals, but there are no Offender Request Forms corresponding with these claims. ECF Nos. 25-11 at 8; *see generally* 25-8 (kite history).

[4] Harris argues that Garcia's claim to not know of the grievance contradicts the answer he received for grievance 2006-31-46758.  But Harris does not show that Garcia responded to that grievance himself, so the response is not evidence that Garcia knew of the grievance.

are no genuine issues of material fact whether Garcia retaliated against Harris, and Garcia is entitled to qualified immunity on that claim.

**III.     I GRANT GARCIA'S MOTION TO SEAL.**

Federal courts recognize a general right to public inspection of judicial records and documents. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  The strong presumption of public access must be overcome by a party seeking to seal a judicial record. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016). Because the medical records pertain to a motion for summary judgment, the party seeking to seal must show compelling reasons to do so. *Id.* at 1097-98.

Medical privacy meets the compelling reason standard established in *Kamakana. See, e.g.*, *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136-37 (9th Cir. 2003); *San Ramon Reg'l Med. Ctr., Inc. v. Principal Life Ins. Co.*, No. C 10-2258 SBA, 2011 WL 89931, at *1 n.1 (N.D. Cal. Jan. 10, 2011).  Therefore, I grant Garcia's motion to seal Harris' medical records.

**IV.     I DENY ALL OTHER MOTIONS AS MOOT.**

Because I grant Garcia's motion for summary judgment, I deny the remaining motions as moot.

**V.     CONCLUSION**

I THEREFORE ORDER that plaintiff Kaleb Harris' motion for summary judgment **(ECF No. 23) is DENIED.**

I FURTHER ORDER that defendant Daniel Garcia's motion for summary judgment **(ECF No. 25) is GRANTED.**

I FURTHER ORDER that defendant Daniel Garcia's motion to seal **(ECF No. 26) is GRANTED.**

I FURTHER ORDER that all other pending motions **(ECF Nos. 39, 40, 42, 44, 45) are DENIED as moot.**

I FURTHER ORDER the clerk of court to enter judgment in favor of defendant Daniel Garcia and against plaintiff Kaleb Harris, and to close this case.

DATED this 12th day of March, 2026.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE